**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

STEFEN ARMOUR,

Plaintiff,

v.

AMERICAN FINANCIAL RESOURCES, *et al.*,

Defendants.

Civil Action No.: BAH-24-489

**MEMORANDUM AND ORDER**

Plaintiff Stefen Armour ("Armour") filed the above-captioned self-represented complaint on February 20, 2024, along with a motion to proceed in forma pauperis. ECFs 1 and 2. The Court previously granted Armour's re-filed motion to proceed in forma pauperis, ECF 6, via paperless order. *See* ECF 10. Because of Armour's indigency status, the United States Marshal shall effect service of process on the defendants. *See* Fed. R. Civ. P. 4(c)(3). The Court previously directed Armour to submit completed summonses and U.S. Marshal ("USMS") service of process forms for each defendant, ECF 4, and Armour did so, ECF 7. Armour later moved to add additional defendants, ECF 8, and submitted new summonses and USMS forms, ECF 9.

Before the Court can address the service documents, as Armour has not paid the filing fee, section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721,

1723 (2020). Here, the complaint is deficient in several ways as outlined below. Armour shall be afforded the opportunity to amend his complaint to correct the defects.[1]

First, the caption of the complaint names the plaintiff as "Stefen Armour (attorney in fact) for Rebecca Armour." ECF 1, at 3. Stefen Armour is not a member of the bar of this Court or the bar of the State of Maryland (nor is anyone with the last name "Armour"). Federal courts uniformly do not allow *pro se* litigants to represent others, even parents, guardians, or next friends seeking to appear *pro se* on behalf of a minor child or incompetent persons. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Devine v. Indian River Sch. Bd.*, 121 F. 3d 576, 581-82 (11th Cir. 1997), *overruled on other grounds by Winkelman*, 550 U.S. 516 (2007); *Johns v. San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This prohibition is also echoed in this Court's Local Rules: "Individuals who are parties in civil cases may only represent themselves." Loc. R. 101.1(a) (D. Md. 2023). As such, Armour may not proceed *pro se* on behalf of another regardless of their relationship to one another.[2]

Further, the complaint appears to allege two counts: "violation of preservation of consumer claims and defenses" (count I) and "claim for recoupment" (count II). ECF 1, at 1–2. The prayer

---

[1] The Court will address the service documents after Armour files an amended complaint that complies with the Court's directives herein.

[2] This prohibition is designed to protect the interests of the party-in-interest from being compromised by one who lacks the legal training necessary to adequately protect them. It recognizes that lay persons are not bound by the same ethical obligations placed upon lawyers. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994). It stems from the judicially-developed "prudential limitation on standing," which requires that "the plaintiff 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *D.N. v. Louisa Cnty. Pub. Sch.*, 156 F. Supp. 3d 767, 772 (W.D. Va. 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

for relief seeks (1) "[a] declaration that Plaintiff [sic] has violated the preservation of consumer claims and defenses under 16 CFR 433"; (2) "[r]ecoupment in the amount of 9.5 million dollars"; (3) "[a]ny further relief this Court deems just and proper"; and (4) "clear title to the property and abatement of any foreclosure proceeding now or later." *Id.* at 2. The complaint alleges the following facts:

> In 2018, a note was signed and given to AFR Inc. upon receiving the consideration they never applied the fund from the note properly. Then we refinanced and once again balances weren't tended to with proceeds from the signed instrument. In addition there are parties listed on our contract that have no beneficial interest in our principle dwelling like MERS. There is a clear discrepancy with our consumer contract.

*Id.* at 8. Attached to the complaint are printouts of federal regulations with hand-written annotations, letters addressed to the defendant companies from Armour, who is identified as the "attorney in fact" for Rebecca Elias, and several loan documents addressed to Rebecca Elias. *See* ECF 1-2; ECF 1-3; ECF 1-4; ECF 1-5; ECF 1-6. Rebecca Elias is not a party named in the complaint.

The complaint names as defendants "American Financial Resources, Lakeview Loan Servicing, Loancare" as well as "all the CEO's, CFO's, Mortgage originators and anyone else that was apart of this Transaction." ECF 1, at 1. Later in the complaint, Armour lists the defendants Richard Dubnoff, Timothy Yanoti, Corey Dubnoff, and Frankie Henderson. *Id.* at 4–5. The complaint alleges each individual defendant is a company executive but does not specify which company each works for. *Id.*

The claims in the complaint are insufficient and do not comply with federal pleading requirements. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). None of the individual defendants

are included in the statement of the claim.  Nor is Lakeview Loan Servicing or Loancare.  Though the complaint clearly involves a dispute over a mortgage instrument, the Court cannot discern which claims are brought against which defendant or how each of the named defendants are involved in the allegedly unlawful conduct.

Further, it does not appear that the complaint states a claim for which the Court could grant Armour relief.  The two labelled counts, violation of 16 C.F.R. § 433 and recoupment, are not causes of action.  "[N]othing in the text of [16 C.F.R. § 433] purports to create a cause of action." *See Stewart v. Truist Financial*, Civ. No. DLB-23-1766, 2024 WL 2977886, at *3 (D. Md. June 13, 2024).  Recoupment is an affirmative defense to be asserted by defendants, not a cause of action to be brought by plaintiffs.  *See Walker v. Nationstar Mortg. LLC*, Civ. No. JKB-16-2939, 2017 WL 588465, at *2 (D. Md. Feb. 13, 2017).  For example, "[i]n a proceeding wherein a mortgage holder initiates a foreclosure proceeding against a consumer, the [Truth in Lending Act] further provides consumers with a *defense by recoupment*, which is available regardless of any time limit."  *Id.* (emphasis in original) (citing 15 U.S.C. § 1640(k)).  The complaint does not provide sufficient facts from which to discern another cause of action.  If even after affording the matter a generous construction the Court cannot determine the precise nature of the complaint, one can imagine the difficulties which would ensue in having defendants attempt to answer the complaint.

Finally, in Armour's motion to add additional defendants, he does not name the additional defendants in the motion or explain their involvement beyond the allegation that "these parties are directly tied to each of the corporations listed in [the] initial complaint."  ECF 8.  Because there are no factual allegations tying the purported additional defendants to the complaint, this motion will be denied.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

Moreover, each "allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Armour shall be afforded the opportunity to amend the complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a).  Armour must also name individual defendants and describe how each is involved in this matter, and list the precise relief sought.  Armour may not proceed on behalf of another plaintiff.  Each *pro se* plaintiff must assert their own claims.  Armour is forewarned that failure to adequately amend the pleading will result in dismissal of the complaint without prejudice and without further notice.

Armour is reminded that an amended complaint replaces the original complaint filed. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting that amended pleadings supersede original ones except for the limited purpose of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

Accordingly, it is this 18th day of June, 2024, by the United States District Court for the District of Maryland, herby ORDERED that:

1. Armour's motion to add additional defendants, ECF 8, is DENIED;

1. Armour IS GRANTED twenty-one (21) days from the date of this order to file an amended complaint as directed above;

2. The Clerk SHALL send to Armour a copy of this order, a copy of the original complaint and a blank civil complaint form with included instructions; and

3. Armour is FOREWARNED that:

   a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B); and

   b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice.

/s/
Brendan A. Hurson
United States District Judge